FILED 22 JUL '25 11:32 USDC ORE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

JARED LANE WISE                             Case No. 6:24-CV-02009-MTK

Plaintiff

v.

GREGORY EDMONT DE LA DOUCETTE

Defendant

## MOTION FOR DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF

1. Jared Lane Wise (Plaintiff) files this motion to request that the court make a default judgment in favor of Plaintiff and approve the attached Order.

2. As noted in the initial complaint, Defendant is a United States citizen who resides permanently and full-time in France, requiring Plaintiff to serve the summons, complaint and other documents to Defendant in France rather than in the United States.

3. Plaintiff retained international process server Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, based in Portland, Oregon, United States to assist with international service of the documents in France, according to the provisions detailed in the Hauge Convention.

4. France requires that documents to be served from the United States are provided in both English and French. Plaintiff complied with this requirement but notes for the record that

Page 1 – **MOTION**

Defendant is a native-born United States citizen whose first language is English and whose profession is an author and screenwriter in English.

5. Crowe Foreign Services managed the process on behalf of Plaintiff to formally serve Defendant in France through French authorities as required by the Hague Convention.

6. Following are the dates related to the service of documents to Defendant in France.

- February 24, 2025 – all documents, in English and French, were received by the Central Authority in France for service upon Defendant in accordance with the Hague Convention

- April 4, 2025 – Date of document service on Defendant by French Commissioner of Justice

- April 15, 2025 – Date of letter from French Commissioner of Justice to Crowe Foreign Services confirming service according to the Hague Convention

- April 22, 2025 – Date of affidavit from Celeste Ingalls of Crowe Foreign Services providing an update to the court on the efforts to serve Defendant in France according to the Hague Convention

- May 21, 2025 – Date of affidavit from Celeste Ingalls of Crowe Foreign Services certifying the English translation of proof of service documents from the French Commissioner of Justice

7. Consistent with requirements of the Hague Convention and the United States District Court in Eugene, Defendant was served with the following documents related to this lawsuit, in both English and French:

- Summons

- Complaint
- ECF 2 (Civil Case Assignment Order, Discovery and Pretrial Scheduling Order, Discovery Agreement, Consent to Jurisdiction by a Magistrate Judge and Designation of the Normal Appeal Route, Civil Case Management Time Schedules)
- ECF 3 (Case Management Order)
- Plaintiff's attestation of Defendant's English ability
- Hague summary with Warning Page

8. Plaintiff has formally and successfully served Defendant with all required documents, in both English and French, in proper accordance with procedures of the United States District Court in Eugene and the Hague Convention, as documented in ECF 11 and ECF 12.

9. Per Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, a defendant must answer after being served with a summons and complaint "within 90 days after it was sent to the defendant outside any judicial district of the United States".

10. Exactly 100 days have passed between April 4, 2025 when the documents were served and the date of this motion, with no response from Defendant, longer than the period of time during which the defendant is required to respond following proper service.

11. Per Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default".

12. Per Rule 55(b)(2) of the Federal Rules of Civil Procedure, if the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, then "the party must apply to the court for a default judgment".

13. Plaintiff seeks compensation from the Defendant in the following amounts:

- The total amount of the fraud conducted by Defendant of $191,808.19 as described in the original complaint

- Actual expense to date for Plaintiff's French attorney and other expenses directly related to efforts to uncover Defendant's fraud scheme and recover Plaintiff's investment, in an amount of $25,568.31

- Costs of service of summons to Defendant in France according to requirements of the Hague Convention, including translation of documents and retaining of a foreign process server, in the amount of $1,895.00

- Loss of value to Plaintiff due purely to inflation on the amount of the Defendant's fraud, as calculated using the United States Bureau of Labor Statistics online "CPI Inflation Calculator" from January 2021 to present, in the amount of $43,909.94

- Opportunity cost incurred by Plaintiff from lost investment opportunities due to the Defendant's fraud, as calculated using the 68.43% total return of the S&P 500 from January 2021 to present, in the amount of $131,244.75

- Direct costs of $40,548.00 in real estate transaction expenses Plaintiff incurred related to selling a real estate investment, which was necessary

      only because of Defendant's fraud and Plaintiff would not have sold otherwise

- Direct costs of $83,411.50 in federal and state capital gains tax Plaintiff incurred related to selling a real estate investment, which was necessary only because of Defendant's fraud and Plaintiff would not have sold otherwise

- Punitive damages for intentional infliction of Pain and Suffering by Defendant against Plaintiff in the amount of $250,000.00.

14. Due to the lack of response from Defendant after being formally and properly served with all documents according to the requirements of the U.S. District Court in Eugene and the Hague Convention, Plaintiff requests the court issue a default judgment, for the amounts as described above, in accordance with Rules 12 and 55 of the Federal Rules of Civil Procedure in favor of Plaintiff by approving the attached Order.

DATED this 13th day of July, 2025.

                                                                                         _____

                                                                                                      Jared L. Wise, Pro Se