FILED 05 SEP '25 09:41 USDC-ORE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

JARED LANE WISE

Plaintiff

v.

GREGORY EDMONT DE LA DOUCETTE

Defendant

Case No. 6:24-CV-02009-MTK

---

**MOTION FOR ENTRY OF DEFAULT**

1. Jared Lane Wise (Plaintiff) files this motion to request that the clerk of the court enter a default by Gregory Edmont de la Doucette (Defendant). In compliance with LR 7-1, Plaintiff has made a good faith effort to resolve this dispute and has been unable to do so as the Defendant has willingly refused to confer.

2. As noted in the initial complaint, Defendant is a United States citizen who resides permanently and full-time in France, requiring Plaintiff to serve the summons, complaint and other documents to Defendant in France rather than in the United States.

3. Plaintiff retained international process server Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, based in Portland, Oregon, United States to assist with international service of the documents in France, according to the provisions detailed in the Hauge Convention.

4. France requires that documents to be served from the United States are provided in both English and French. Plaintiff complied with this requirement but notes for the record that Defendant is a native-born United States citizen whose first language is English and whose profession is an author and screenwriter in English.

5. Crowe Foreign Services managed the process on behalf of Plaintiff to formally serve Defendant in France through French authorities as required by the Hague Convention.

6. Following are the dates related to the service of documents to Defendant in France.

- February 24, 2025 – all documents, in English and French, were received by the Central Authority in France for service upon Defendant in accordance with the Hague Convention
- April 4, 2025 – Date of document service on Defendant by French Commissioner of Justice
- April 15, 2025 – Date of letter from French Commissioner of Justice to Crowe Foreign Services confirming service according to the Hague Convention
- April 22, 2025 – Date of affidavit from Celeste Ingalls of Crowe Foreign Services providing an update to the court on the efforts to serve Defendant in France according to the Hague Convention
- May 21, 2025 – Date of affidavit from Celeste Ingalls of Crowe Foreign Services certifying the English translation of proof of service documents from the French Commissioner of Justice

7. Consistent with requirements of the Hague Convention and the United States District Court in Eugene, Defendant was served with the following documents related to this lawsuit, in both English and French:

- Summons
- Complaint
- ECF 2 (Civil Case Assignment Order, Discovery and Pretrial Scheduling Order, Discovery Agreement, Consent to Jurisdiction by a Magistrate Judge and Designation of the Normal Appeal Route, Civil Case Management Time Schedules)
- ECF 3 (Case Management Order)
- Plaintiff's attestation of Defendant's English ability
- Hague summary with Warning Page

8. Plaintiff has formally and successfully served Defendant with all required documents, in both English and French, in proper accordance with procedures of the United States District Court in Eugene and the Hague Convention, as documented in ECF 11 and ECF 12.

9. Per Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a defendant must answer "within 21 days after being served with the summons and complaint".

10. Per Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, a defendant must answer after being served with a summons and complaint "within 90 days after it was sent to the defendant outside any judicial district of the United States".

11. As Defendant resides and was served in France, Plaintiff is of the understanding that Defendant had 90 days in which to respond.

12. 150 days have passed between April 4, 2025 when the documents were served and the date of this motion, with no response from Defendant. This is longer than the period of time during which the defendant is required to respond following proper service under either 12(a)(1)(A)(i) or 12(a)(1)(A)(ii).

13. LR 55-1 states "If the party against whom an order or judgment of default pursuant to Fed. R. Civ. P. 55 is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order or judgment of default, then LR 7-1 and LR 83-8 apply, and the parties must make a good faith effort to confer before a motion or request for default is filed".

14. Plaintiff notes that Defendant has not "filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order or judgment of default" following the proper service of the summons, meaning that LR 55-1 requiring a "good faith effort to confer before a motion or request for default is filed", along with LR 7-1 and LR 83-8, should not apply according to Plaintiff's reading of the statute, as those seem to apply only "if" the party "against whom an order or judgment of default pursuant to Fed. R. Civ. P. 55 is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order or judgment of default".

15. However, in an abundance of caution to ensure compliance with the Federal Rules of Civil Procedure as a Pro Se party, Plaintiff nonetheless made a good-faith effort to confer with Defendant on the matter by sending an email request on August 15, 2025 to three email addresses known to have been used by Defendant in the course of their acquaintance. A copy of the email is included as an attachment to this motion.

16. As of the date of this motion, 17 days since the date the email was sent, Defendant has not responded to Plaintiff via email or any other manner.

17. Plaintiff affirms that all claims he makes in this motion are true.

18. Per Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default".

19. Due to the lack of response, of any type, from Defendant after being formally and properly served with all documents according to the requirements of the U.S. District Court in Eugene and the Hague Convention, nor to the Plaintiff's good-faith effort to confer on the matter per LR 55-1, Plaintiff requests the clerk of the court enter a default by Defendant in accordance with Rules 12 and 55 of the Federal Rules of Civil Procedure.

DATED this 1st day of September, 2025.

______________________________

Jared L. Wise, Pro Se

Gmail

Jared Wise <jaredwise@gmail.com>

# Request to Confer - US Federal Civil Lawsuit

1 message

**Jared Wise** <jaredwise@gmail.com> Fri, Aug 15, 2025 at 7:42 PM
To: Gregory Edmont <g@edmont.com>, gregoryedmont <gregoryedmont@gmail.com>, Gregory Edmont <gedmont@live.com>

Greg,

As you know, I have filed a United States federal civil lawsuit against you related to my investment in the purchase of the La Combe de Ferriere property in France. This email serves as a formal, good-faith effort to confer on the matter. Please let me know when you are able to discuss.

Jared Wise