IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JARED WISE,

        Plaintiff,

  v.

GREGORY EDMONT de la DOUCETTE,

        Defendant.

Case No. 6:24-cv-02009-AP

**ORDER TO SHOW CAUSE**

POTTER, United States Magistrate Judge:

    Self-represented Plaintiff Jared Wise, a citizen of Oregon, filed a single claim for fraud in the inducement—a state tort claim—against Defendant, Gregory Edmont De La Doucette, a United States citizen and full-time resident of France. Compl. ¶¶ 1-5, ECF No. 1. The underlying fraud involves a failed investment into a property in France. *Id.*

    Plaintiff filed this action on December 3, 2024, and filed proof of service on Defendant in France on June 3, 2025. ECF Nos. 1, 12. After Defendant failed to file an answer, Plaintiff filed for an entry of default, which was granted on September 16, 2025.[1] ECF No. 18. Plaintiff then moved for a default judgment. ECF No. 19. That motion is currently pending before this Court.

---

[1] Under Rule 55 of the Federal Rules of Civil Procedures, obtaining a default judgment is a two-step process. Fed. R. Civ. Pro. 55. First, when a party fails to answer or defend an action against them and the other party establishes that, the clerk "must enter the party's default." Fed. R. Civ. Pro. 55(a). After that, the court may enter a default judgment. Fed. R. Civ. Pro. 55(b)(2).

PAGE 1 – ORDER TO SHOW CAUSE

Also pending before this Court is Defendant's motion to quash service and motion to set aside the entry of default. ECF No. 22.

But, as explained below, it is unclear that this Court has subject matter jurisdiction in this matter. As such, the Court orders Plaintiff to show cause in writing why the Court should not dismiss this action for lack of subject matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. District Courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). And a district court must dismiss a case if it finds subject matter jurisdiction lacking at any point in the proceedings. Fed. R. Civ. P. 12(h)(3).

As the basis for jurisdiction here, Plaintiff contends there is diversity jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 2. Diversity jurisdiction exists in cases in which the amount in controversy exceeds $75,000 and the action is between

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

PAGE 2 – ORDER TO SHOW CAUSE

28 U.S.C. § 1332(a).

A citizen of a particular state is a United States citizen who is domiciled in or lives permanently in that state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State."). A United States citizen living abroad cannot meet that definition because that person is not domiciled in a particular state. *Id.*; *see also Louisiana Mun. Police Employees' Ret. Sys. v. Wynn,* 829 F.3d 1048, 1056 (9th Cir. 2016). They are "stateless" for all intents and purposes. *Newman–Green, Inc.,* 490 U.S. at 828. Nor is a United States citizen who lives in a foreign country a citizen or subject of that country.[2] *Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)).

At bottom, a United States citizen who is domiciled abroad "destroy[s] the complete diversity required for federal jurisdiction." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995). "Thus, American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither 'citizens of a State,' nor 'citizens or subjects of a foreign state.'" *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008) (internal citations omitted); *see also Brimm v. Genao-Gomez*, No. CV 14-197-M-DLC, 2014 WL 5471969, at *7 (D. Mont. Oct. 28, 2014) (same and citing *Swiger*); *Int'l Venture Assocs. v. Hawayek*, No. C 13-01254 RS, 2013 WL 2646188, at *2 (N.D. Cal. June 12, 2013) (same and citing *Swiger*). But that appears to be exactly what Plaintiff is attempting to do here.

---

[2] If a party is a dual citizen, the Court considers only the United States citizenship for purposes of § 1332(a)(2). *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992).

PAGE 3 – ORDER TO SHOW CAUSE

As the party asserting jurisdiction, Plaintiff has the burden of both pleading it and proving it. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 613–14 (9th Cir. 2016). Here, the complaint fails to allege sufficient facts for the Court to conclude that diversity jurisdiction exists.

The complaint alleges that the amount in controversy exceeds $75,000 and that "Plaintiff is a United States citizen and resident of the State of Oregon and the Defendant is a United States citizen and fulltime resident of France." Compl. ¶ 2. While this clearly satisfies the amount in controversy requirement, it does not appear parties are diverse for purposes of establishing diversity jurisdiction because Defendant is neither a citizen of a state nor a citizen or subject of a foreign state. *Swiger,* 540 F.3d at 184.

The question for diversity jurisdiction is a person's domicile. *See Kanter*, 265 F.3d at 857. "A person's domicile is [his] permanent home, where []he resides with the intention to remain or to which []he intends to return." *See Kanter*, 265 F.3d at 857. Based on the allegations in the complaint, for Defendant, that location appears to be France. Throughout the complaint, Plaintiff contends that Defendant is fulltime or "permanent" resident of France. Compl. ¶¶ 2, 8, 10. And while Defendant himself in his Motion to Quash says he is not currently residing in France, he does state that he has resided primarily outside the United States since 2002 and identifies Finland as his principal residence since 2024.[3] Def.'s Mot. to Quash at 2. There is nothing in the complaint or any of the pleadings in this case that points to Defendant having a

---

[3] A party's domicile for diversity jurisdiction is determined on the date the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A domicile is not lost until a new one is acquired which requires both presence at the new location and "an intention to remain there indefinitely." *Id.*

PAGE 4 – ORDER TO SHOW CAUSE

domicile in the United States.[4] And it does not matter for diversity jurisdiction which foreign country Defendant is domiciled in. The question is whether he is domiciled in a state in the United States or abroad; everything in the record points to him being domiciled abroad. If that is accurate, this Court lacks subject matter jurisdiction in this matter and the case must be dismissed. *See Turan Petroleum*, 482 F. Supp. 2d at 1172 (dismissing case for lack of subject matter jurisdiction when defendant declared she resided in Canada because the declaration "ma[de] clear that [defendant] is a United States citizen domiciled abroad").

The fact that an entry of default has been entered does not relieve this Court of its obligation to determine jurisdiction. Indeed, any entry of default would be a "'legal nullity'" if this Court lacked subject matter jurisdiction. *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) (holding that a judgment entered without subject-matter jurisdiction is void and a district court is compelled to vacate the judgment (citation omitted)). And the Court may set aside an entry of default for good cause; lack of subject matter jurisdiction is good cause. *See* Fed. R. Civ. Pro. 55(c); *see also John Harvey v. Torrent Leasing, Inc. & U.S. Bank, N.A.*, No. 2:25-CV-00824-JAD-DJA, 2025 WL 3642152, at *4 (D. Nev. Dec. 15, 2025) (vacating entry of default against a party that never appeared because court lacked subject matter jurisdiction).

---

[4] Plaintiff offered evidence that in June 2025, Defendant held himself out as a resident of Texas when registering his foundation as a Texas non-profit corporation. Pl.'s Resp. to Def.'s Mot. 9, Ex. 2. But, as explained, even when a person maintains a residence in particular state, that person is not necessarily domiciled in that state. *Kanter*, 265 F.3d at 857. And while a person may maintain multiple residences, he can have only one domicile as a basis for citizenship in diversity suits. *See* 13E Wright & Miller's Fed. Prac. & Proc. § 3612 (3d ed. 1998); *see also de Borja v. Razon*, 340 F.R.D. 400, 416 (D. Or. 2021) ("A person may have multiple residences, but 'can only have one domicile.'") (quoting *Aponte-Dávila v. Municipality of Caguas*, 828 F.3d 40, 49 (1st Cir. 2016)). Neither party has argued Defendant's domicile is his residence in Texas.

## CONCLUSION

Based on the pleadings in this case, it appears Defendant is a United States citizen who is domiciled in a foreign country, depriving this Court of subject matter jurisdiction over this diversity action. Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall file his response by no later than February 6, 2026. Defendant may file his reply, if any, by March 6, 2026. Failure to file a timely satisfactory response will result in the dismissal of this action for lack of jurisdiction.

DATED this  6th   Day of January, 2026.

        /s/Amy E. Potter
        AMY E. POTTER
        United States Magistrate Judge