FILED 03 FEB '26 14:28 USDC-ORE

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

JARED LANE WISE

Plaintiff

v.

GREGORY EDMONT DE LA DOUCETTE

Defendant

Case No. 6:24-CV-02009-AP

**RESPONSE TO ORDER TO SHOW CAUSE FOR JURISDICTION, REQUEST FOR LEAVE TO AMMEND INITIAL COMPLAINT, AND DEMAND FOR HEARING**

**Request for Oral Argument**

1. Jared Lane Wise (Plaintiff) files this motion in response to the Court's Order to Show Cause for Jurisdiction (ECF 26) and to request: 1) leave to amend the original complaint (ECF 1) based on Defendant's recent admissions; and 2) that the Court hold an immediate evidentiary hearing, allowing for testimony and cross-examination, regarding: a) the Court's Order to Show Cause (ECF 26); b) Plaintiff's pending Motion for a Default Judgment (ECF 19); and c) Plaintiff's pending response (ECF 23) to Defendant's Motion to Quash (ECF 22).

**JURISDICTION**

2. In response to the Court's Order to Show Cause, jurisdiction is proper in this matter as: 1) the amount in question is over $75,000; and 2) there is an issue of Diversity given that Plaintiff lived in the state of Oregon at the time he filed this lawsuit, and Defendant is a resident of the state of Texas. Therefore, the court has subject matter jurisdiction.

## FACTUAL BACKGROUND

3. When Plaintiff filed the initial complaint, he believed that Defendant was a resident of France, but Plaintiff has since learned through this lawsuit that Defendant claims to be, under penalty of perjury, a current resident of the State of Texas. Plaintiff and Defendant have not spoken since October, 2021 and Plaintiff had not been aware of all of Defendant's moves or activities.

4. On June 25, 2025, Defendant created a Non-Profit Corporation in the State of Texas known as the "Edmont Foundation" by completing form "202" from the Texas Department of State, which is called "Certificate of Formation Non-Profit Corporation" (Attachment A). Plaintiff purchased a copy of this completed form for the "Edmont Foundation" directly from the Texas Department of State website (https://www.sos.state.tx.us/corp/sosda/index.shtml) on November 12, 2025.

According to the "Texas Constitution and Statutes Business Organization Codes" Section 5.201(b)(2)(A)(i), an individual who serves as a "Registered Agent" for a Texas corporation must be a "resident of this state".

5. "Article 2" of the completed form "202" for the "Edmont Foundation" (Attachment A) includes language affirming that the "registered agent is an individual resident of the state" and the "Registered Agent" for the "Edmont Foundation" is listed as "Gregory Edmont de la Doucette"

with the address of "Registered Agent" Gregory Edmont de la Doucette listed as 1813 FM 69 S, Sulphur Springs, Texas, 75482.

6. "Article 3" of the form "202" lists the "names and addresses of the persons who are to serve as directors" and "Gregory Edmont de la Doucette" is listed as a "Director" with a personal address of 1813 FM 69 S, Sulphur Springs, Texas, 75482. This is a different address than the business address of the foundation, which is also in Texas.

7. As of November 12, 2025, the "Edmont Foundation" website (www.edmont.com) listed "Gregory Edmont de la Doucette" as the "Founder" of the organization (Attachment B). A copy of the "Edmont Foundation" website was archived at www.archive.org on November 12, 2025 and is available to be viewed at the following link:

https://web.archive.org/web/20251112153651/https://edmont.com/

8. The completed form "202" that established the "Edmont Foundation", which listed Defendant as the "Registered Agent" and a "Director" of the organization, was signed and dated, in hand, by Defendant on June 25, 2025 under "penalty of perjury", while acknowledging that his responsibilities as a "registered agent" include the "duty to maintain a physical address in the state".

9. By listing himself as the "registered agent" and signing the Texas Department of State form "202" for the "Edmont Foundation", Defendant claimed under penalty of perjury that he was an "individual resident" of the state of Texas. On the same form, Defendant provided a personal address in Texas related to his roles as both "Registered Agent" and "Director".

10. As of the date of this motion, the Edmont Foundation continues as an active Non-Profit Texas Corporation (Texas Department of State filing number 0806097142) with Defendant listed as the "Registered Agent" and a "Director" with a personal address of 1813 FM 69 S, Sulphur

Springs, Texas, 75482, meaning that Defendant still self-identifies under penalty of perjury to be a current "individual resident" of the State of Texas.

11. Per the Texas policy for "Registered Agents" described in Texas Department of State form 401-A, which is completed by a "Registered Agent", a person completing the form affirms that they are "a resident of the state" (https://www.sos.state.tx.us/corp/forms/401-a-boc.pdf), clearly intending that the Registered Agent be domiciled in the state of Texas.

## DEFENDANT CLAIMS TO NO LONGER BE A RESIDENT OF FRANCE

12. In his affidavit (ECF 22, Page 8, Paragraph 2) Defendant acknowledged his connection to the Edmont Foundation and denied being a current resident of France when he stated that *"I own a property in Saint-Michel-de-Dèze, Lozère, France, which I use only during temporary visits and which is being developed and operated as a charitable foundation site. The property is not my residence or habitual place of living."*

## DEFENDANT OFFERED NO EVIDENCE THAT HE IS A RESIDENT OF FINLAND

13. In his affidavit (ECF 22, Page 2, Paragraph 1) Defendant wrote that *"Since 2024, I have resided primarily in Finland"* but provided no evidence at all to support this vague, self-serving claim and this should be disregarded by the Court as meaningless.

14. In his affidavit, Defendant does not even make a definitive claim that he is a "resident" of Finland, nor that he is "domiciled" there. Instead, he only offers a vague claim of "I have resided primarily in Finland", which is imprecise and supported by no evidence. Defendant made this vague statement in effort to imply that he is claiming to be a resident of Finland - hoping that the court will assume this is a claim of formal residency or domicile - but without having to

actually make a definitive claim for which he can offer no evidence and that can be disproven. He makes the vague claim in a manner which will allow him to deny it later if confronted with evidence that he is not actually a resident of Finland[1]. Plaintiff requests the opportunity to confront Defendant in the presence of the court regarding this issue as he believes Defendant will not be able to offer any evidence that he is a resident or domiciled in Finland.

15. In fact, to the extent that Defendant is implying he has been a resident of Finland since 2024, this is contradicted by Defendant's own claim made under penalty of perjury on the "Edmont Foundation" form "202" to be an "individual resident" of the state of Texas as of June 25, 2025. The claim under penalty of perjury to be an "individual resident" of the State of Texas should be given more weight than his vague words implying he lives in Finland offered without any evidence.

16. Defendant is a United States citizen and is not a citizen of Finland. Hence, there is a formal process for a him as a United States citizen to become a "resident" of Finland, and this is not satisfied by a convenient claim made in a self-serving affidavit without any evidence. Nor can the Defendant establish "residency" or "domicile" in Finland based on simply visiting or spending time in the country (even if his timeline in his affidavit about his time in Finland is true, which Plaintiff believes is not). Does the Defendant have any residency documents or authorization to "reside" in Finland? Does he pay taxes in Finland? Does he have any identification or documents

---

[1] In his affidavit, Defendant did not actually claim to be a formal resident of Finland, as "resided primarily in Finland" has no meaning and is intentionally vague. Defendant wanted to imply that he officially resides in Finland because it suited his goal at that moment of claiming he never received service of summons, but without having to actually make a definitive claim of Finland residency for which he offered no evidence and that could be disproven. Defendant has a habit of making vague, imprecise statements (as noted in ECF 23 regarding Defendant's claims related to his Workaway profile) which give an implication he wants, but at the same time are imprecise enough to leave room for him to later deny, further clarify, or "wiggle out of" if needed (i.e. if he was confronted later with evidence that contradicts his claim – as he will be in this situation).

showing him to be a resident of Finland? He offers nothing because he is not a resident of Finland. A United States citizen cannot be allowed to establish "residency" or "domicile" as a fatal defense to a lawsuit by simply making a vague claim about spending time somewhere else and offering no evidence. Defendant's claim offers no specificity or weight other than being a tourist in Finland., and even then, Plaintiff disputes Defendant's timeline regarding his location and believes it can be easily disproven if given an opportunity in the presence of the court.

## REQUEST FOR LEAVE TO AMMEND INITIAL COMPLAINT AND TO ALLOW FOR ALTERNATIVE SERVICE OF SUMMONS TO DEFENDANT

17. Plaintiff respectfully asks for leave to amend the original complaint to reflect Defendant's status as a current resident of the State of Texas and adding additional damages as reflected in the proposed amended complaint attached to this filing (Attachment B).

18. The Interest of Justice demands that Plaintiff be allowed to revise the Initial Complaint because of severe course of action the court is proposing in ECF 26. Plaintiff should be allowed to amend the complaint to reflect Defendant's current residence in Texas, and then allow Defendant to offer any evidence that this is not correct if he chooses.

19. Refusal to allow Plaintiff to amend the Initial Complaint would cause great prejudice to Plaintiff as he has taken great care to properly follow all procedures as a Pro Se party while Defendant has done nothing other than ignore the process and file a last-minute, self-serving affidavit (ECF 22) that makes no concrete claim regarding his residence or domicile and failed to include a single piece of evidence to support anything he wrote.

20. The most proper course of action in this matter – the one that is most judicious, least prejudicial to Plaintiff, and most likely to determine the truth regarding Defendant's residency

– is to allow Plaintiff to amend his complaint and then allow Defendant to provide any evidence that he believes would discredit the complaint in an in-person hearing. Plaintiff is confident that if given an opportunity to present evidence and cross examine Defendant, the court will see that Defendant is not credible.

## DEMAND FOR IMMEDIATE EVIDENTIARY HEARING

21. Plaintiff demands the Court hold an immediate in-person hearing, allowing for presentation of evidence, direct testimony, and cross-examination, to discuss the Show Cause order (ECF 26), Plaintiff's pending Motion for a Default Judgement (ECF 19), and Plaintiff's response to Defendant's Motion to Quash (ECF 22).

22. Given the critical nature of the matter in question (dismissal of the complaint), Plaintiff believes that an in-person hearing is warranted, in order to present evidence to the court and allow for cross-examination of Defendant by Plaintiff. Defendant's claims will not hold up under sunlight and the court will see in person that Defendant is not credible. The proposed dismissal of this matter by the court is an extreme measure to be taken based only on Defendant's weak response to this matter – a last-minute, self-serving affidavit without a single piece of evidence. Plaintiff has meticulously followed all procedures in order to properly file and serve this complaint and should, at a minimum, be awarded an opportunity to present arguments in the direct presence of the court before such a drastic action as dismissal is taken. To do otherwise would be unjust and prejudicial to Plaintiff.

23. Plaintiff disputes that Defendant is a resident or domiciled in Finland and requests an opportunity to present evidence and cross-examine Defendant under oath on this topic. If

Defendant is truly a "resident" or "domiciled" in Finland, he should be allowed to prove that in court.

WHEREAS for the foregoing reasons the Plaintiff requests that the Court: 1) provide leave for Plaintiff to amend the Initial Complaint and allow for alternative service on Defendant; and 2) hold an in-person evidentiary hearing requiring the physical presence of both the Plaintiff and Defendant while allowing for testimony, cross-examination and submission of evidence to discuss the matters described in this document.

DATED this 29th day of January, 2026

______________________________

Jared L. Wise, Pro Se