Gregory Edmont de la Doucette
E-mail: gedmont@gmail.com
Vanha Porvoontie 342 B 2
01490 Vantaa, Finland
Telephone: +358 44 938 7344
Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JARED WISE,

Case No.: 6:24-cv-02009-AP

    Plaintiff,

  v.

**DEFENDANT'S SPECIAL APPEARANCE RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**

GREGORY EDMONT DE LA DOUCETTE,

    Defendant.

Defendant Gregory Edmont de la Doucette ("Defendant"), appearing specially and solely for the purpose of contesting jurisdiction, submits this response to Plaintiff's "Response to Order to Show Cause, Request for Leave to Amend Initial Complaint, and Demand for Hearing" (ECF 27).

This filing does not waive, and expressly preserves, all objections to personal jurisdiction, subject-matter jurisdiction, service of process, and venue.

## I. SUBJECT-MATTER JURISDICTION IS ABSENT AND CANNOT BE CREATED BY AMENDMENT

As the Court has already observed, this action presents a threshold jurisdictional defect. Defendant is a United States citizen who is not domiciled in any U.S. state, but instead resides abroad. Under well-settled law, such a party is "stateless" for purposes of 28 U.S.C. § 1332 and cannot be sued in federal court on diversity grounds. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995).

Because subject-matter jurisdiction is lacking, the Court must dismiss the action regardless of procedural posture. Fed. R. Civ. P. 12(h)(3).

## II. PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE

Plaintiff seeks leave to amend his complaint to allege that Defendant is a "resident of Texas" and to rely on a Texas address for jurisdiction and service. That amendment would be futile.

Leave to amend may be denied where amendment cannot cure a jurisdictional defect. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, even if Plaintiff's new allegations were accepted as true, they would not establish federal jurisdiction.

## III. DOMICILE—NOT RESIDENCE OR ADMINISTRATIVE ADDRESS—CONTROLS DIVERSITY JURISDICTION

Federal diversity jurisdiction turns on domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile requires both physical presence in a state and an intent to remain there indefinitely. Id.

A mailing address, statutory agent designation, or administrative filing does not establish domicile. Nor can domicile be inferred from isolated or temporary contacts with a state. See *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Domicile is determined as of the date the action is filed. Id. Plaintiff filed this action on December 3, 2024. As the Court has already observed, the complaint repeatedly characterizes Defendant as a United States citizen residing permanently in France. Defendant has likewise confirmed, in his prior sworn filing and in the declaration submitted herewith, that he has resided primarily outside the United States since 2002, and has been domiciled only in France and, more recently, Finland. The only dispute raised in the briefing concerns whether Defendant's domicile at the time of the purported service attempts was France or Finland.

Accordingly, both parties' submissions reflect that Defendant was domiciled abroad at the time of filing. Plaintiff's later reliance on a June 2025 nonprofit filing therefore cannot create jurisdiction retroactively. See *Lew*, 797 F.2d at 750.

## IV. PLAINTIFF'S RELIANCE ON A TEXAS NONPROFIT FILING DOES NOT ESTABLISH DOMICILE OR JURISDICTION

Plaintiff asserts that Defendant "declared himself a resident of Texas under penalty of perjury" by signing Texas Secretary of State Form 202 in connection with a nonprofit corporation. That assertion mischaracterizes both the form and the governing law. The Texas registered-agent "resident" requirement is a statutory service-of-process provision and does not establish domicile for purposes of federal diversity jurisdiction, which is governed by federal law and determined by physical presence and intent to remain indefinitely. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

First, Form 202 does not purport to establish personal domicile or residence for jurisdictional purposes. Texas law requires that a nonprofit entity maintain a physical in-state address for service of process on the entity. The form's language addresses statutory eligibility to act as a registered agent; it does not operate as a declaration of personal domicile, nor does it override federal jurisdictional standards.

Second, Defendant completed the form following guidance from the Business and Public Filings Division of the Office of the Texas Secretary of State. Defendant was advised that where the physical address of a family member is used solely to satisfy statutory service requirements, the appropriate designation is "individual resident of the state." That instruction concerned administrative compliance, not personal domicile.

Third, the underlying facts foreclose any inference of Texas domicile. Defendant has never been domiciled in Texas, has never resided there for any continuous period exceeding a few weeks, and has not been physically present in the state—whether as a resident or visitor—for more than eight years. Defendant has never intended to remain in Texas indefinitely and has never undertaken the customary indicia of domicile there, such as voting, paying taxes, or maintaining a permanent home.

Fourth, the nonprofit entity referenced by Plaintiff was created via the Texas Secretary of State's website as a temporary administrative structure in the United States to facilitate charitable activities and donations within the United States for the benefit of a related French nonprofit operating abroad. The entity used a family member's Texas address solely to satisfy the statutory requirement that the organization maintain a physical in-state address for service. This was an administrative compliance step, not a declaration of personal residence or domicile, and its formation does not support any inference of Texas domicile.

Fifth, in October 2025, prior to Plaintiff's attempt to rely on Texas as a purported domicile, Defendant had already begun restructuring the charitable organization as a "Friends Of" entity in a jurisdiction more suitable for accepting donations intended for international charitable work. All meaningful activity of the Texas nonprofit ceased in late 2025, and it has since been formally dissolved. The entity no longer exists, and the Texas address is not valid for any jurisdictional or service-related purpose.

Accordingly, Plaintiff's Texas-based theory—whether framed as an alleged admission, a claim of perjury, or a domicile allegation—fails as a matter of law. Even if amendment were permitted, it would not cure the absence of subject-matter jurisdiction.

## V. NO EVIDENTIARY HEARING IS WARRANTED

Plaintiff requests an evidentiary hearing to address jurisdiction and to test credibility. Under the circumstances presented here, such a hearing is not required.

The jurisdictional issue identified by the Court is a legal one: whether diversity jurisdiction exists where the defendant is a United States citizen domiciled abroad. The material facts relevant to that determination are not in genuine dispute, and Plaintiff's proposed amendment does not alter the governing jurisdictional analysis. Courts routinely resolve jurisdictional questions on the pleadings where, as here, amendment would be futile. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## VI. CONCLUSION

Because Defendant is a United States citizen domiciled abroad, this Court lacks subject-matter jurisdiction. Plaintiff's proposed amendment cannot cure that defect and would be futile.

Defendant respectfully requests that the Court:

1. Deny Plaintiff's request for leave to amend;

2. Dismiss this action for lack of subject-matter jurisdiction;

3. Vacate the entry of default; and

4. Deny Plaintiff's motion for default judgment as moot.

This submission is made by special appearance only and without waiver of any jurisdictional defenses.

Defendant submits the declaration set forth on the following page in support of the jurisdictional facts stated herein.

DATED this 18<u>th</u> day of February, 2026.

<u>s/ Gregory Edmont de la Doucette</u>
Gregory Edmont de la Doucette
Pro Se Defendant

**DECLARATION OF GREGORY EDMONT DE LA DOUCETTE**

I, Gregory Edmont de la Doucette, declare under penalty of perjury that the following is true and correct:

I am a United States citizen who has resided primarily outside the United States since 2002. At the time this action was filed on December 3, 2024, I was domiciled abroad and not in any U.S. state. As reflected in my prior sworn filing in this matter, throughout 2024 and 2025 I resided exclusively in France and Finland, and was domiciled only in those jurisdictions.

I have long maintained my primary residence in France, where I hold permanent residency status and own real property, and I have not established domicile in any U.S. state during the period relevant to this action.

I have never been domiciled in the State of Texas, have never resided there for any continuous period exceeding a few weeks, and have not been physically present in the state for more than eight years. Any Texas address used in connection with a nonprofit corporation was a temporary administrative address used solely to satisfy statutory service requirements, and not a declaration of personal residence or domicile.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of February, 2026.


s/ Gregory Edmont de la Doucette
Gregory Edmont de la Doucette
Pro Se Defendant