UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

JARED LANE WISE                                        Case No.  6:24-CV-02009-AP

    Plaintiff

     v.

GREGORY EDMONT DE LA DOUCETTE

    Defendant

---

## <u>SUPPLEMENT TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE</u>

### <u>Request for Oral Argument</u>

1.      Jared Lane Wise (Plaintiff) files this supplement to ECF 27 to submit an additional document where Defendant makes yet another contradictory claim regarding his residence.

*2.*      As explained in ECF 24, Plaintiff has an ongoing civil lawsuit against Defendant in France, in which Plaintiff has won a judgment, has been awarded a lien against the property, and is in the process of seizing the property.  For a hearing in that matter scheduled on March 9, 2026, Defendant submitted just this week a French court filing which includes a formal claim that he is "domiciled" at the property in France *(Monsieur Grégory EDMONT DE LA DOUCETTE, né le 22 octobre 1966 à ATTLEBOROUGH, de nationalité américaine, domicilié La Combe de Ferrière 48160 SAINT-MICHEL-DE-DEZE (France))* (Attachment A, Page 1)*.*

 Page 1 – **MOTION**

3. This is contrary to his June 25, 2025 filing with the State of Texas in which he affirmed under penalty of perjury that he is an "individual resident" of the State of Texas (ECF 27 Attachment A), contrary to his affidavit to this court on November 6, 2025 (ECF 22) in which he claimed that "since 2024, I have resided primarily in Finland" and that the property in France "is not my residence or habitual place of living", and contrary to his filing in this court on February 18, 2026 implying he lives in Finland (ECF 28). It also argues strongly against the court considering Defendant to be a resident of Finland for purposes of jurisdiction in this matter.

4. In less than nine months, Defendant has now signed an official State of Texas form under penalty of perjury, completed a sworn affidavit to this court, and submitted multiple court filings in France and the US that claim three different residencies. It is clear that Defendant is willing to claim his residency is wherever it best serves his needs at any given moment.

5. Defendant has offered no evidence at all to support his claim regarding residing in Finland other than a self-serving affidavit that conveniently served his goal at that moment to claim he did not receive service of summons because he no longer resided in France.

6. Plaintiff demands an in-person, evidentiary hearing allowing for direct and cross examination of both parties in order to explore Defendant's conflicting claims in sworn statements and court filings. Given the critical nature of this decision and extreme prejudice to Plaintiff, it is imperative that the court hold this hearing to uncover the truth. This is the only way for the court to examine the issue thoroughly and arrive at the correct decision.

DATED this 7th day of March, 2026

_____

Jared L. Wise, Pro Se

Page 2 – **MOTION**