SELARL PRADIER-DIBANDJO
*AVOCATS au BARREAU DE LOZÈRE*
16 avenue Théophile Roussel 48100 Marvejols
9 boulevard du Soubeyran 48000 Mende
☎ 04.65.84.13.39 – 04.66.41.73.48
✉ contact@lpad-avocats.com

Juge de l'Exécution de Mende
RG n° 25/00525
Audience du 9 mars 2026

### CONCLUSIONS DEVANT LE JUGE DE l'EXECUTION

**POUR :**

**Monsieur Grégory EDMONT DE LA DOUCETTE**, né le 22 octobre 1966 à ATTLEBOROUGH, de nationalité américaine, domicilié La Combe de Ferrière 48160 SAINT-MICHEL-DE-DEZE (France)

**Ayant pour avocat :**

**La SELARL PRADIER – DIBANDJO représentée par Maître Luc PRADIER**, Avocat au Barreau de Lozère, demeurant 16 Avenue Théophile Roussel 48100 MARVEJOLS

**CONTRE** :

**Monsieur Jared Lane WISE**, né le 5 août 1972 à NEW BRAUNFELS (), domicilié 176 Landa Street Appartement 925 78130 TEXAS - ETATS UNIS (France)

**Ayant pour Avocat :**

**La SELARL cabinet CARREL représentée par Maître Jean CARREL**, demeurant 9 rue Rochevalier 48100 MARVEJOLS

**PLAISE AU TRIBUNAL**

## I – RAPPEL DES FAITS ET DE LA PROCEDURE

Suivant assignation devant le Juge de l'exécution du tribunal en date du 26 novembre 2025, M. Jared Lane WISE sollicite la vente forcée de deux biens immobiliers appartenant au concluant et sis à SAINT MICHEL DE DEZE (48160) faisant état à ce titre :

- D'une créance indemnitaire à l'égard du concluant d'un montant de 171.500 €
- D'intérêts au taux légal du 11.09.2024 au 31.12.2024 pour 4.294,17 €.
- D'intérêts au taux légal du 01.01.2025 au 11.03.2025 pour 2.371,40 €
- D'intérêts au taux légal majoré du 12.03.2025 au 30.06.2025 pour 6.368,10 €
- De frais de procédure de l'instance devant le tribunal judiciaire pour 2.779,08 €
- D'intérêts au taux légal majoré du 01.07. 2025 au 22.09.2025 pour 4.598,08 €
- **Du versement d'un acompte à déduire le 23.09.2025 pour 156.500 €**
- D'intérêts au taux légal majoré du 23.09.2025au 31.12.2025 pour 4.598,08 €
- D'intérêts au taux légal majoré du 01.01.2026 au 05.01.2026 pour mémoire.
- De frais de justice dans le cadre de l'instance de saisie-immobilière pour 1.362,18 €

### Soit un total restant dû de 39.251,78 €

C'est en l'état qu'il convient de statuer.

## II – DISCUSSION

### II.A : A titre principal, sur le caractère disproportionné de la mesure de saisie-immobilière :

Selon les dispositions de l'article L. 121-2 du code des procédures civiles d'exécution, le juge de l'exécution a le pouvoir d'ordonner la mainlevée de toute mesure inutile ou abusive et de condamner le créancier à des dommages-intérêts en cas d'abus de saisie.

Par ailleurs l'article L 111-7 du même code dispose que :

> *« Le créancier a le choix des mesures propres à assurer l'exécution ou la conservation de sa créance. L'exécution de ces mesures ne peut excéder ce qui se révèle nécessaire pour obtenir le paiement de l'obligation. »*

En l'espèce le tribunal retiendra le caractère abusif ou a minima disproportionné de la mesure de saisie-immobilière initiée à l'encontre du concluant dans la mesure notamment où :

- La créance indemnitaire d'un montant de 171.500 € résulte d'un jugement du tribunal judiciaire de MENDE en date du 11 septembre 2024 régulièrement signifié puis enregistré au service de la publicité foncière le 4 novembre 2024.

- Qu'il sera constaté que le concluant a procédé au règlement au versement de la somme de **156.500 € dès le 31 décembre 2024**, encaissé auprès de la CARPA par son Conseil de l'époque Me MICHEL, le délai de bonne fin pour le décaissement des fonds étant fixé par la CARPA au 16 janvier 2025.

2

**(Pièces 1 à 5)**

- Que ce versement de 156.500 € correspondait précisément à la créance de restitution invoquée à titre principal par le créancier et que le concluant s'était engagé à régler également en vertu du classement sous conditions opéré par le Parquet de MENDE.

- Que ledit paiement de la somme de 156.500 € couvrant tout de même plus de 90 % de la créance résultant de la décision du tribunal judiciaire de Mende précitée est intervenu dans un délai rapide après que ladite décision ait revêtu un caractère définitif.

- Qu'aucune résistance abusive dans l'exécution de la décision rendue par le tribunal judiciaire de MENDE ne peut ainsi être imputée au concluant.

- Que pour des raisons indéterminées mais qui ne sont pas le fait du concluant, ces fonds n'ont été décaissés vers le sous- compte CARPA du Conseil du créancier que le 23 septembre 2025, générant ainsi l'application d'intérêts légaux de montants conséquents ainsi que la mise en œuvre par le créancier de coûteuses mesures conservatoires puis de mesures d'exécution forcées postérieures à ce règlement alors que M. EDMONT DE LA DOUCETTE avait toute raison de penser que ce paiement avait un caractère libératoire tout au moins à concurrence du montant versé et ce dès le début de l'année 2025.

- Qu'ainsi le solde de créance fondant l'action du créancier résulte pour l'essentiel de frais et intérêts au taux légaux qui auraient dû être évités compte tenu du versement précoce d'un acompte couvrant plus de 90 % de la créance.

- Que la mesure revêt en tout état de cause un caractère disproportionné eu égard au montant résiduel de la créance ainsi qu'à la valeur intrinsèque des biens objet de la procédure.


### II.A : A titre subsidiaire, bien fondé de la demande de délai de grâce :

L'article 510 du code de procédure civile dispose que :

*« Sous réserve des alinéas suivants, le délai de grâce ne peut être accordé que par la décision dont il est destiné à différer l'exécution.*
*En cas d'urgence, la même faculté appartient au juge des référés.*

***Après signification d'un commandement ou d'un acte de saisie ou à compter de l'audience prévue par l'article R. 3252-17 du code du travail, selon le cas, le juge de l'exécution a compétence pour accorder un délai de grâce.***

*L'octroi du délai doit être motivé. »*

3

L'article 1343-5 du code civil dispose quant à lui que :

> *« Le juge peut, compte tenu de la situation du débiteur et en considération des besoins du créancier, reporter ou échelonner, dans la limite de deux années, le paiement des sommes dues.*
>
> *Par décision spéciale et motivée, il peut ordonner que les sommes correspondant aux échéances reportées porteront intérêt à un taux réduit au moins égal au taux légal, ou que les paiements s'imputeront d'abord sur le capital.*
>
> *Il peut subordonner ces mesures à l'accomplissement par le débiteur d'actes propres à faciliter ou à garantir le paiement de la dette.*
>
> *La décision du juge suspend les procédures d'exécution qui auraient été engagées par le créancier. Les majorations d'intérêts ou les pénalités prévues en cas de retard ne sont pas encourues pendant le délai fixé par le juge.*
>
> *Toute stipulation contraire est réputée non écrite.*
>
> *Les dispositions du présent article ne sont pas applicables aux dettes d'aliment. »*

En l'espèce il ressort de ce qui précède que le concluant s'est acquitté de la plus grande partie de sa dette en principal et que le surplus est composé d'intérêts légaux, d'intérêts légaux majorés et de frais de procédure dont beaucoup sont postérieurs au règlement précoce qu'il a effectué.

Si par impossible il n'était pas fait droit à la demande principale du concluant portant sur le caractère disproportionné de la mesure, il y aurait lieu alors de lui accorder sur le fondement des dispositions précitées un délai de grâce de 12 mois pour s'acquitter des sommes restant dues.

Monsieur Jared Lane WISE supportera les entiers dépens.

## **PAR CES MOTIFS**

**A titre principal,**

**JUGER** disproportionnée la procédure de saisie immobilière mené par Monsieur Jared Lane WISE à l'encontre de M. EDMONT DE LA DOUCETTE.

**DECLARER** en conséquence Monsieur Jared Lane WISE mal fondé en sa procédure de saisie immobilière comme en toutes ses prétentions, et l'en débouter intégralement.

**ORDONNER** la radiation, aux frais exclusifs du demandeur du commandement de payer valant saisie immobilière publié le 13 octobre 2025 au service de la publicité foncière

4

**A titre subsidiaire,**

**REPORTER** le paiement de la somme due par M. EDMONT DE LA DOUCETTE à l'expiration d'un délai de 12 mois à compter de la notification du jugement à intervenir ;

**DIRE en conséquence** que la somme due par M. EDMONT DE LA DOUCETTE à Monsieur Jared Lane WISE devra être versée à l'issue du délai de 12 mois à compter de la notification de la décision à intervenir ;

**RAPPELER** que la décision à intervenir prise en application de l'article 1343-5 du Code civil suspend les procédures d'exécution engagées par le créancier et que les majorations d'intérêts ou les pénalités encourues à raison du retard cessent d'être dues pendant le délai fixé par le juge.


**En tout état de cause,**

**CONDAMNER** Monsieur Jared Lane WISE aux entiers dépens.


                                                        **SOUS TOUTES RESERVES**

5

**BORDEREAU DE PIÈCES**

1. Justificatif virement BANK OF AMERICA du 31.12.2024
2. Mail de M. EDMONT à la gendarmerie de Mende du 31.12.2024
3. Mail de la gendarmerie de Mende à M. EDMONT du 31.12.2024
4. Mail de M. EDMONT à la gendarmerie de Mende du 01.01.2025
5. Historique CARPA