Gregory Edmont de la Doucette
E-mail: gedmont@gmail.com

Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JARED WISE,<br><br>Plaintiff,<br>v.<br><br>GREGORY EDMONT DE LA DOUCETTE,<br><br>Defendant. | Case No.: 6:24-cv-02009-AP<br><br>**DEFENDANT'S SPECIAL APPEARANCE RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |

Defendant Gregory Edmont de la Doucette appears specially and solely to respond to Plaintiff's objections to the Findings and Recommendation. This response does not waive, and expressly preserves, all objections to service of process, personal jurisdiction, subject-matter jurisdiction, venue, and any other defenses available under law.

Plaintiff's objections do not cure the jurisdictional defect identified by the Court. Plaintiff filed this action alleging diversity jurisdiction while also alleging that Defendant is a United States citizen permanently residing in France. The relevant question is Defendant's domicile at the time the complaint was filed, December 3, 2024. Plaintiff still identifies no evidence that Defendant was domiciled in Texas, or in any other U.S. state, on that date.

Plaintiff's objection relies heavily on a Texas nonprofit filing created in June 2025, more than six months after this action was filed, and later dissolved. That filing cannot retroactively create subject-matter jurisdiction as of December 3, 2024. Nor does a temporary administrative address used for a nonprofit entity establish personal domicile in Texas.

Plaintiff's objection repeatedly treats uncertainty between France and Finland as if it were evidence of Texas domicile. It is not. Defendant's references to France and Finland are not inconsistent. Defendant has long maintained his principal residence and real property in France, but temporarily resided in Finland during parts of 2024, 2025, and 2026 following the accidental death of his son on the French property. Defendant's domestic partner is Finnish, and Defendant was unable to remain continuously at the French property during that difficult period. Plaintiff was aware of these circumstances before filing his objections. In any event, both France and Finland are outside the United States, and neither supports Texas domicile.

Defendant has not addressed the merits of Plaintiff's allegations because Defendant has appeared solely to contest jurisdiction and service. A special appearance challenging jurisdiction does not require a defendant to answer the complaint, litigate the merits, or prove affirmative defenses. Nonetheless, Defendant disputes Plaintiff's allegations and reserves all defenses, but the threshold question remains whether this Court has subject-matter jurisdiction. It does not.

Plaintiff's accusation that Defendant "ignored" the case is also misplaced. Defendant did not knowingly refuse to participate in this Court. After learning of the action through a third party notified by Plaintiff, Defendant appeared promptly and specially, and raised threshold service and jurisdictional objections. The Court correctly addressed subject-matter jurisdiction, which may be raised at any time and cannot be waived.

Plaintiff's objections also attack the Magistrate Judge personally and characterize the Findings and Recommendation as advocacy. Those accusations do not establish legal error. The Findings and Recommendation addressed the jurisdictional defect apparent from Plaintiff's own complaint and briefing. Plaintiff's disagreement with the result does not establish bias, nor does it supply the missing jurisdictional fact: Texas domicile on December 3, 2024.

If the Court believes further factual confirmation is necessary, Defendant can provide passport records and other documentation confirming that he was not domiciled in Texas, has not been physically present in Texas for many years, and has been in the United States for fewer than 96 hours since the filing of this case.

For the foregoing reasons, Plaintiff's objections should be overruled, the Findings and Recommendation should be adopted, and this action should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

DATED this 12th day of May, 2026.

s/ Gregory Edmont de la Doucette
Gregory Edmont de la Doucette
Pro Se Defendant