IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JARED LANE WISE,    Civ. No. 6:24-cv-02009-AP

Plaintiff,    **ORDER**

v.

GREGORY EDMONT de la DOUCETTE,

Defendant.

_____

AIKEN, District Judge:

Before the Court is a Findings and Recommendation ("F&R") filed by Magistrate Judge Amy E. Potter, ECF No. 30. Judge Potter recommends that the Court DISMISS Plaintiff's Complaint, ECF No. 1, for lack of subject matter jurisdiction. For the reasons explained below, the Court ADOPTS Judge Potter's F&R, ECF No. 30. The Entry of Default, ECF No. 18, is nullified and is vacated. All pending motions, ECF Nos. 19, 22, 27, are DENIED as moot.

## LEGAL STANDARDS

Under the Federal Magistrates Act, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Page 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte . . .* under a *de novo* or any other standard." *Id.* at 150. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

## DISCUSSION

Here, Plaintiff filed Objections to the F&R, ECF No. 32, and Defendant filed a Response, ECF No. 33. The Court has reviewed Plaintiff's Objections. Plaintiff seeks to sue Defendant under the diversity statute, 28 U.S.C. § 1332. The diversity statute confers subject matter jurisdiction on a federal court where a citizen of one State sues either a foreign citizen or a citizen of a different State and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1)&(2); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (so explaining). The parties agree that Defendant is a U.S. citizen, not a foreign citizen. However, Plaintiff has not established that Defendant was domiciled in Texas or in any other U.S. State at the time that Plaintiff filed his Complaint. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United

Page 2 – ORDER

States *and* be domiciled within the State." *Id.* (emphasis in original). To be domiciled in a State, a person must have physical presence in that State *and* must have the subjective intention to remain there indefinitely. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is not sufficient that Defendant supplied a Texas address to register as an agent for a Texas non-profit.

Here, as Judge Potter explained, the evidence supports that Defendant was domiciled in either France or Finland at the time that Plaintiff filed his Complaint and for several years prior. Because Plaintiff has not shown that Defendant was domiciled in any U.S. State at the time the Complaint was filed, Defendant is not subject to suit under 28 U.S.C. § 1332; *see also Newman-Green, Inc.*, 490 U.S. at 828, 829 (explaining that a U.S. citizen who has no domicile in any U.S. State is "stateless" and cannot be sued under the diversity statute). Further, given the evidence as to Defendant's domicile in either France or Finland, amendment of the Complaint would be futile. Accordingly, as Judge Potter explained, the Court lacks subject matter jurisdiction over this case and must dismiss the Complaint.

**CONCLUSION**

For the reasons explained above, Judge Potter's F&R, ECF No. 30, is ADOPTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED for lack of subject matter jurisdiction. The Entry of Default, ECF No. 18, is nullified and is vacated. All pending motions, ECF Nos. 19, 22, 27, are DENIED as moot. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___29th___ day of May 2026.


_s/Michael J. McShane_____
ANN AIKEN
United States District Judge

Page 4 – ORDER